CLD-053                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3277
_____

IN RE: BENJAMIN S. RICH,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(D.N.J. No. 2:21-cr-00503-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 19, 2024

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 14, 2025)
_____

OPINION[*]
_____

PER CURIAM

       After federal criminal charges against Benjamin Rich were dismissed without

prejudice, Rich filed in the District Court a motion to compel production of discovery

materials that the Government had provided to Rich's former attorney when the charges

were pending.  Rich asserted that he needed the discovery materials in part to assess

whether to pursue civil rights claims.  The District Court has not yet ruled on the motion

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

to compel, which the Government responded to on December 11, 2024.  Cf DC ECF No. 141 (arguing that "the Government no longer has an obligation under R. 16 of the Rules of Criminal Procedure to produce discovery or any other materials to Rich," and taking "no position on whether Rich's former counsel may now be ordered to produce to Rich the discovery previously provided to counsel by the Government.").

Rich has now filed in this Court a pro se petition for a writ of mandamus.  He primarily requests that we order the District Court to take immediate action on the pending motion to compel.

The adjudicatory delay Rich describes does not yet "rise to the level of a denial of due process."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Furthermore, and insofar as Rich requests that we direct the District Court to grant the motion to compel, he does not satisfy the criteria for mandamus relief.  See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (requiring "that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances") (citation and internal quotation marks omitted).

Accordingly, the mandamus petition will be denied.